## Case No. 3,544.

### DALLAS v. FLUES et al.

[28 Leg. Int. 325;[1] 8 Phila. 150; 1 Leg. Gaz.
Rep. 288; 19 Pittsb. Leg. J. 173.]

Circuit Court, E. D. Pennsylvania. Oct. 2,
1871.

BANKRUPTCY—DISALLOWANCE OF PROOF—RE-
TRANSFER OF COLLATERALS.

Where the court disallows proof of indebted-
ness against bankrupt's estate, they will not
also compel a re-transfer of collaterals.

[Appeal from the district court of the Unit-
ed States for the eastern district of Pennsyl-
vania.

[This was a bill in equity, by George M.
Dallas, trustee of the estate of Peter Conrad,
a bankrupt, against Flues & Co., to recover
collaterals held by the defendants for claims
which were disallowed in proof.]

Chas. S. Pancoast and James E. Gowen, for
complainant.

C. H. Sidebotham, for respondents.

McKENNAN, Circuit Judge. The specific
relief sought by the complainant is the re-
lease, surrender and conveyance to him, as
trustee of the estate of Peter Conrad, a
bankrupt, of certain real estate and personal
securities conveyed and transferred to the re-
spondents by the bankrupt to secure the pay-
ment of several notes endorsed by him and
discounted by them. It is asked on the
ground that the respondents have proved
their whole claim against the bankrupt, and
that this is a conclusive election by them to
abandon their securities, and that they can-
not assert their claim upon the bankrupt's as-
sets until they surrender such securities to
the complainant for the benefit of all the
creditors.

As the complainant, by his appeal from the
decree of the district court, has invoked the
judgment of this court upon the validity of
the respondents' claim, and as it has been
adjudged to be void and not entitled to al-
lowance, it is unnecessary to pass upon the
complainant's right to the relief prayed for.
Transfer of their securities to the complain-
ant, or disallowance of their debt, are the al-
ternatives, a choice of which it is sought to
impose upon the respondents, but, as the last
one has been enforced upon them by the de-
cree in the appeal, the prayer in the bill can-
not be granted. The bill is therefore dis-
missed.

DALLAS, The (KNOX v.). See Case No.
7,904a.

DALLAS (ROBERTS v.). See Case No. 11,-
898.

DALLAS & W. R. CO. (ALLEN v.). See Case
No. 221.

DALLAS COUNTY (HUIDEKOPER v.). See
Case No. 6,850.

---

[1] [Reprinted from 28 Leg. Int. 325, by per-
mission.]

## Case No. 3,544a.

### DALLES CITY v. MISSIONARY SOC. OF M.
E. CHURCH.

[See 6 Fed. 356.]

## Case No. 3,545.

### DALLET v. SMYTHE.

[6 Blatchf. 419.][1]

Circuit Court, S. D. New York. April Term,
1869.

CUSTOMS DUTIES—"ANGOSTURA BITTERS."

"Angostura Bitters," an article which, al-
though of some value, as a remedy for some
affections of the human body, is principally
used in bar-rooms, as a flavoring extract for
mixed drinks, is liable to a duty of 100 per
cent., under section 2 of the act of June 30,
1864 (13 Stat. 202), as "spirituous liquors, not
otherwise enumerated," and not to a duty of
50 per cent., under section 5 of the act of July
14, 1862 (12 Stat. 546), as a medicinal prepa-
ration.

This was an action against [Henry A.
Smythe] the collector of the port of New
York, to recover back certain duties alleged
to have been illegally exacted. It was tried
before the court, without a jury, upon an
agreed statement of facts and oral evidence.
The facts were as follows: The plaintiff
[James Dallet] imported an article known as
"Angostura Bitters," put up in black glass
bottles, each containing less than a quart.
The plaintiff, upon entry of the goods, re-
ported them as aromatic or Angostura bit-
ters, and claimed that they were subject to
a duty of 50 per cent., ad valorem, under sec-
tion 5 of the act of July 14, 1862 (12 Stat.
546), which provides for that rate of duty on
"all pills, powders, tinctures, troches, or loz-
enges, syrups, cordials, bitters, * * * or
other medicinal preparations, or composi-
tions, recommended to the public as proprie-
tary medicines, or prepared according to
some private formula or secret art, as rem-
edies or specifics for any disease or diseases
or affections whatever, affecting the human
or animal body." The appraisers, however,
classified the article as "spirituous liquors,
not otherwise enumerated," within section 2
of the act of June 30, 1864 (13 Stat. 202),
which imposes a duty of 100 per cent. there-
on. This rate of duty the plaintiff paid, un-
der protest, claiming that the goods were lia-
ble to only 50 per cent. duty, because the
chief component was not distilled spirits, and
also because the article was a medicinal prep-
aration, prepared by a secret method. An
appeal was taken, and the decision of the
defendant was sustained. Thereupon this
action was brought. The amount of the ex-
cessive duties, according to the claim of the
plaintiff, was admitted to be $3,728; and it
was also stipulated, that, unless the goods
were to be classified as a medicinal prepara-
tion, prepared according to a private formula

---

[1] [Reported by Hon. Samuel Blatchford, Dis-
trict Judge, and here reprinted by permission.]